J-S27003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAHEEM R. WHITMORE | : | |
| | : | |
| Appellant | : | No. 1777 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 31, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0008354-2022

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:               **FILED DECEMBER 17, 2025**

Appellant, Raheem R. Whitmore, appeals from his judgment of sentence of six to twelve years' imprisonment entered May 31, 2024, in the Court of Common Pleas of Philadelphia County. Appellant challenges the discretionary aspects of his sentence. Upon review, we affirm.

The trial court summarized the relevant background on the instant appeal as follows:

> On November 4, 2022, Appellant[, while on probation,] was arrested and charged with Possession of Firearm Prohibited, Firearms not to be Carried Without a License, Carry[ing] Firearms [In] Public in Philadelphia, and Possession of Firearm with Manufacturer Number Altered.
>
> On May 31, 2023, a motion to suppress was heard by the [trial] court and denied. Appellant's jury trial started on January 23,

_____

[*] Former Justice specially assigned to the Superior Court.

2024, and concluded on January 25, 2024. At the beginning of trial, the Commonwealth *nolle prossed* the charges of Firearms not to be Carried Without a License, Carry[ing] Firearms [In] Public in Philadelphia, and Possession of Firearm with Manufacturer Number Altered. The jury found Appellant guilty of Possession of Firearm Prohibited as a first-degree felony. [The trial] court sentenced Appellant on May 31, 2024, to six to twelve years['] [imprisonment] followed by one year of re-entry supervision.

Appellant filed a post-sentence motion to reconsider the sentence on June 10, 2024[, which the trial court denied on June 14, 2024]. [Appellant] filed a notice of appeal to the Pennsylvania Superior Court on June 25, 2024. On June 25, 2024, a [Pa.R.A.P. 1925(b)] order was issued. On August 19, 2024, [Appellant] timely filed a statement of errors[, in which he raised two claims: a challenge to the legality of the underlying stop and the discretionary aspects of his sentence].

Trial Court Opinion, 9/27/24 at 3-4 (footnotes omitted; unnumbered).

On appeal, Appellant argues that the trial court imposed a manifestly excessive and unreasonable sentence by failing to consider or properly weigh certain mitigating factors. Appellant also argues that the sentencing court put too much negative weight on Appellant's "clumsy" allocution. Appellant's Brief at 12.

Appellant's claim implicates the discretionary aspects of Appellant's sentence. *See*, *e.g.*, *Commonwealth v. Kurtz*, 294 A.3d 509, 535 (Pa. Super. 2023), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023) (claim that sentencing court disregarded mitigating factors implicates discretionary aspects of sentencing); *Commonwealth v. Velez*, 273 A.3d 6, 10 (Pa. Super. 2022) (weight accorded to mitigating factors or aggravating factors presented to sentencing court implicates discretionary aspects of

sentencing); ***Commonwealth v. Jacobs***, 900 A.2d 368, 375-77 (Pa. Super. 2006) (*en banc*) (sentencing claims regarding right of allocution implicate the discretionary aspects of sentence).

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Derry***, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

***Commonwealth v. Corley***, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); ***see also*** Pa.R.A.P. 302(a) ("[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Battles***, 169 A.3d

1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved his issues by raising them in his post-sentence motion, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. Additionally, Appellant's claims present a substantial question for review. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) ("an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question" (citation omitted)); *Commonwealth v. Caldwell*, 117 A.3d 763, 769-70 (Pa. Super. 2015) (*en banc*) (same).

Our well-settled standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S.A. §§ 9781(c), (d), and 9721(b). **See**, **Raven**, **supra**; **Commonwealth v. Williams**, 69 A.3d 735, 741 (Pa. Super. 2013).

Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

Additionally, "[w]hen imposing a sentence, the sentencing court must consider the factors set out in 42 [Pa.C.S.A.] § 9721(b), that is, the protection

of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. . . ." *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted). The trial court "must consider the sentencing guidelines." *Fullin*, 892 A.2d at 848 (citation omitted). However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Edwards*, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted). Finally, the balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. *See Kurtz*, 294 A.3d at 536. In conducting appellate review, this Court cannot reweigh sentencing factors and impose its judgment in place of a sentencing court where the lower court was fully aware of all mitigating factors. *Id.* (citing *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009)).

Here, Appellant's claim is that the sentence is excessive because the sentencing court failed to consider certain mitigating factors, while giving too much weight to others.[1]

The claim is meritless. **See generally** N.T. Sentencing, 5/31/24, at 4-29. The sentencing court addressed the claim as follows.

> The [sentencing court] has taken into consideration the gravity of the offense and the need to provide protection for the community. The [sentencing court] has also taken into consideration the guidelines in this case. And for the record, your prior record is a 5. Offense gravity score is an 11, making the guidelines 72 to 90 months, plus or minus 12. . . . The [sentencing court] has also taken into consideration the comments of your attorney and the attorney for the Commonwealth, as well as the mitigation packet that was provided by your attorney and the sentencing memorandum that was provided by the attorney for the Commonwealth, and the presentence investigation in this case. Most importantly, the [sentencing court] has taken into consideration your own comments.

Trial Court Opinion, 9/27/24 at 10-11 (unnumbered) (quoting N.T. Sentencing, 5/31/24, at 21).

The record, therefore, plainly contradicts Appellant's allegations. The true nature of Appellant's argument is not that the court failed to consider the pertinent sentencing factors, but rather that the sentencing court weighed those factors in a manner inconsistent with his wishes. That is not enough for us to conclude that the sentencing court abused its discretion in fashioning

---

[1] Appellant is not arguing that the trial court was not fully aware of all mitigating factors. Appellant is merely asserting that the sentencing court abused its discretion in weighing some factors and circumstances not in the way he wished.

Appellant's sentence. *Raven, supra*; *Schutzues*, *supra*; *Commonwealth v. Proctor*, 156 A.3d 261, 274 (Pa. Super. 2017) (court does not abuse its sentencing discretion when it considers the relevant sentencing factors but weighs them in a manner inconsistent with the appellant's wishes); *Commonwealth v. Clark*, 2025 WL 1160073, at *4 (Pa. Super., Apr. 21, 2025) (unpublished memorandum) (same).

Next, Appellant alleges that the sentencing court improperly weighed Appellant's "clumsy [allocution]." Appellant's Brief at 18. According to Appellant, the court was angry at Appellant because he blamed his mother for his legal situation during his allocution instead of accepting responsibility for his own conduct. Appellant also objects to the court's remark that defense counsel's argument during the hearing appeared to be an "indictment" of Appellant's mother. Appellant's Brief at 18. The court entered a lengthy sentence, Appellant argues, to "vindicat[e] [Appellant]'s mother rather than create an individualized sentence[.]" *Id.* at 19. We disagree.

The record reveals that Appellant was before the trial court for two proceedings: sentencing at trial court docket number 8354-2022 (the present case) and a violation of probation hearing involving, *inter alia*, trial court docket number 3775-2020 (a different case). Sentencing in the present case took place first. Appellant exercised his right of allocution before the court entered sentence. The entire allocution was as follows:

> [Appellant]: I apologize, and I'm sorry for my mom not being here. I don't know what's going on with that.

> The Court: Why are you sorry for your mother? She didn't do anything.
>
> [Appellant]: She ain't come.
>
> The Court: But she didn't do anything. She was not in possession of a firearm. She is not under the jurisdiction of this Court. Your mother did not do a single, solitary thing.
>
> [Appellant]: I just wanted to see her. I ain't see her in like a year, so that's all.
>
> The Court: Anything else you want to say?
>
> [Appellant]: No.

N.T. Sentencing, 5/21/24, at 20-21. The court stated that in fashioning Appellant's sentence—which, to repeat, was not as severe as the sentence the Commonwealth requested—it took into account the gravity of Appellant's offense, the needs of the community, the Sentencing Guidelines, the materials presented to her, the arguments of both counsel, and "[m]ost importantly, the [c]ourt has taken into consideration your own comments." *Id.* at 21.

Upon conclusion of sentencing in the instant matter (case 8354-2022), the court then addressed Appellant's probation violations. The following exchange took place between defense counsel and the court:

> [Defense Counsel]: With regard to the violations, the Commonwealth certainly touched on this during the sentencing portion with regard to [Appellant] as a youth and the repeated contacts.
>
> While I would say [Appellant] – and I understand that violations of probation are serious offenses – we have to understand the context in which these offenses are occurring.

[Court]: You mean other than eight months after he was sentenced to 11½ to 23 months followed by 8 years of reporting probation on one of his violation cases?

You mean the circumstances other than the fact that it took him eight months to pick up a new case after being resentenced by Judge Means?

[Defense Counsel]: I do mean that. When I am talking about circumstances and the context, I'm talking about his brother being stabbed to death. I'm talking about the circumstances of his father dying in a car accident. I'm talking about the circumstances of him having a mom who – this is not the first time she's not been present. And while she is not obligated to be here, when we think about the history of his life –

[Court]: You mean, [Defense Counsel], the same woman that he just sat up here and apologized for not [coming] to court because she didn't have money to come to court.

Is that the same person we're talking about?

[Defense Counsel]: Yes.

[Court]: The same person he says, "I'm sorry she's not here," like she somehow committed a crime because she couldn't come up with enough money to come to court to support her son who has 10 violations of supervision.

[Defense Counsel]: Yes. The same mother that when he was growing up, he had to take care of his siblings while he was growing up in a dangerous place – and was not present – which is why he had to take care of his siblings.

My comments are not to indict her.

[Court]: [It] sound[s] like an indictment.

[Defense Counsel]: It is context simply for him. It is not an indictment. It is absolutely not an indictment on a woman I spent a lot of time talking to and building a relationship with, but it is important context.

- 10 -

We don't get here because [Appellant] is making decisions with good circumstances around him. He's making poor decisions. No one is asserting that he's not. My assertion as his advocate is we have to continue to care about the context. We have to continue to care about how we got here. That has to go into the calculus, because when we incarcerate . . . him, we stunt his growth. So we have to figure out what we're going to do after he's released, and after doing that, we have [to] appreciate the context on how he got there.

That's my only argument on the violation of probation.

N.T. Sentencing, 5/31/24, at 22-25.

Appellant contends that the court's "sound[s] like an indictment" comment showed it was biased against Appellant for blaming his mother for his predicament instead of himself. In Appellant's words,

[w]hile the trial court did say that [it] had taken into consideration all of the material presented to [it], [the trial court] "most importantly" took into consideration "[Appellant]'s comments." [The trial court] then betrayed the extent of [its] anger and the bias it created against [Appellant] when [it] berated defense counsel for even suggesting that [Appellant]'s mother had anything to do with his current legal situation, calling defense counsel's argument an "indictment." The trial court, without any evidence, suggested that [Appellant]'s mother had not done anything wrong, but rather made assumption that she was not in court because she could not afford the travel.

Appellant's Brief at 18-19 (citations to record omitted).

The flaw in this argument is that the "indictment" comment took place *after* Appellant was sentenced in the present case and during the violation of a probation hearing in a different case. The sentence for Appellant's violation of probation (a term of imprisonment of 1 to 2 years consecutive to sentence imposed at 8354-2022) is *not* challenged in this appeal. It is speculative for

Appellant to suggest that the "indictment" comment during the violation hearing demonstrates the court's bias against Appellant during the earlier sentencing hearing.

At any rate, and to the extent that trial court's "indictment" comment is relevant for purposes of the sentence appealed here, the record shows that defense counsel attempted to put Appellant's mother's absence from Appellant's life in a larger context, hoping that the trial court would see the surrounding mitigating circumstances. While the trial court credited Appellant for these circumstances, the trial court perceived some aspects of counsel's argument as an attempt to shift Appellant's responsibility away from him.

Because the sentencing court was in the "best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime," *Commonwealth v. Brown*, 741 A.2d 726, 73 (Pa. Super 1999), we must accord the sentencing court great weight to its assessment. *See id*. *See also Commonwealth v. Lawrence*, 313 A.3d 265, 286 (Pa. Super. 2024) (balancing of sentencing factors is sole province of sentencing court, which has the opportunity to observe defendant and all witnesses firsthand); *Kurtz*, *supra*. Here, the sentencing court chose not to grant significant weight to Appellant's argument that his conduct was attributable mostly to circumstances beyond his control. The court did not abuse its discretion in doing so. *Id.*

In conclusion, Appellant essentially is asking us to override the trial court's application of these factors and replace it with his interpretation. No relief is due as we "cannot reweigh sentencing factors and impose judgment in place of [the] sentencing court where [the] lower court was fully aware of all mitigating factors." *Lawrence*, *supra*; *see also Kurtz, supra*.[2]

In light of the foregoing, having found no merit to Appellant's claims, we affirm the judgment of sentence.

Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/17/2025

_____

[2] In passing, we address Appellant's emphasis on the sentencing court's comment to mother not being able to attend due to financial reasons. Even if there is no support in the record, the matter is of no importance as her presence was not relevant, and the sentencing court repeatedly stated as much. Furthermore, defense counsel never objected to the sentencing court's comment. Thus, Appellant suffered no prejudice from the sentencing court's comment.